T.C. Summary Opinion 2003-125

UNITED STATES TAX COURT

JOHN MICHAEL TREU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7456-02S.          Filed September 8, 2003.

John Michael Treu, pro se.

<u>Monica J. Miller</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]    Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1999 Federal income tax, an addition to tax under section 6651(a)(1), and an accuracy-related penalty under section 6662(a) in the respective amounts of $6,654, $308, and $1,331. The issues are (1) whether petitioner had unreported income of $35,000; (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a); and (3) whether petitioner is liable for the addition to tax under section 6651(a)(1). Petitioner resided in Orlando, Florida, at the time the petition was filed.

## Background

The facts may be summarized as follows. In January 1999 petitioner associated with his brother in an air conditioning installation and service business. Petitioner thought that the business was a partnership. It appears, however, that it was conducted as a corporation under the name of Treu Air, Inc. (Treu Air). A cousin, Tom Burgess (Mr. Burgess), was also associated with Treu Air. Treu Air treated petitioner, Mr. Burgess, and petitioner's brother as independent contractors. It appears that each individual supplied his own truck and tools, but the operating expenses of these items were paid by Treu Air.

Petitioner's brother was in charge of the office and maintained the company records, such as they were, and Mr. Burgess and petitioner were engaged in the installation and service of air conditioners. The company check register and

various receipts for the purchase of air conditioner parts and services on trucks, etc., constituted the records of Treu Air. Petitioner did not maintain a personal checking account, and he was paid in cash. In addition, Treu Air paid for petitioner's tolls and gasoline. Treu Air had no credit, and the expenses for some of the machinery installed were paid in cash. Petitioner's brother would draw a check payable to cash or to his own name and note on the check register the amount paid to petitioner. Mr. Burgess apparently was paid in the same way, and it appears that he received $25,000 in compensation during 1999. At the end of the year, Treu Air issued a Form 1099-MISC, Miscellaneous Income, to petitioner showing that he received gross income of $35,000. In early 2000 petitioner used the Form 1099-MISC to establish his income in a domestic relations matter. In 2000 Treu Air hired an accounting firm to prepare the various corporate tax forms and returns for 1999. The corporate returns were prepared from information supplied by petitioner's brother.

Petitioner and his wife filed a joint 1999 Federal income tax return on May 5, 2000. The return was not timely filed. On the return petitioner reported gross income of $1,000. He reported no income from Treu Air. Petitioner originally maintained that he had received no income from Treu Air in 1999. During the examination of the 1999 return, however, petitioner gave the revenue agent an affidavit claiming that he was paid

$400 per week.  In a domestic relations matter around the same time he also executed an affidavit to the effect that he was paid $600 per week.  At trial, he maintained that the $600 figure was correct.

## Discussion

There is no question that petitioner received gross income from Treu Air.  The question is how much he received.  In answering this we have a contest of credibility between petitioner and his brother, neither of whom was a model of candor.[2]  The matter is more convoluted because the records of Treu Air and petitioner are either nonexistent or confusing to the extent that they shed little light on the controversy.  Both petitioner and his brother probably believe their testimony was truthful.  But it is questionable whether either really knows the answer to the question.  Given these facts, we are left to make an educated guess as to what petitioner's gross income from Treu Air was.

Petitioner executed a contemporaneous affidavit stating that his income was $600 per week.  It would seem reasonable that he took at least 2 weeks of vacation for which he was not paid.  While the notations on the company check register indicate that petitioner was paid more, it is undisputed that Treu Air

[2]    Sec. 7491(a), concerning the burden of proof, is inapplicable because petitioner has not satisfied its requirements.

reimbursed petitioner for his expenses and for purchasing equipment.  Furthermore, it is unlikely that petitioner received $10,000 more than Mr. Burgess.  We conclude that petitioner received $30,000 ($600 per week x 50 weeks) of gross income in 1999 from Treu Air.

With respect to the accuracy-related penalty, we sustain respondent.[3]  Section 6662(a) provides that "there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies."  Section 6662(b) applies the section to underpayments due to negligence. Negligence includes the failure to make a reasonable attempt to comply with the tax laws and to keep adequate books and records. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Petitioner was well aware that he had received gross income from Treu Air. Moreover, he had received the Form 1099-MISC.  While it may be that he was unsure of the correct amount of income, he failed to take any action to determine that amount, and he simply reported no income.  Negligence is strongly indicated where a taxpayer fails to include in income the amount shown on an information return.  Sec. 1.6662-3(b)(1)(i), Income Tax Regs.  At best, his failure to report the income from Treu Air was negligent.

---

[3]    Respondent has satisfied his burden of production under sec. 7491(c).

Finally, turning to the late filing addition to tax, section 6651(a)(1) provides that in the case of a failure to file a timely return, unless "it is shown that such failure is due to reasonable cause and not due to willful neglect", there shall be added to the tax an amount equal to 5 percent of the tax due "if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate".  Petitioner's return for 1999 was due on Monday, April 17, 2000, and the return was not filed until May 5, 2000.  Petitioner has offered no explanation for the late filing, and respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.